**U.S. Department of Justice**



*John W. Vaudreuil*
*United States Attorney*
*Western District of Wisconsin*

Telephone 608/264-5158
TTY 608/264-5006
Main Facsimile 608/264-5172
Criminal Division Facsimile 608/264-5054
Civil Division Facsimile 608/264-5724
Administrative Facsimile 608/264-5183

---

*Address:*
Suite 303, City Station
660 West Washington Avenue
Madison, Wisconsin 53703

*Mailing Address:*
United States Attorney's Office
P.O. Box 1585
Madison, Wisconsin 53701-1585

February 15, 2012    12-cr 51-bbc

Edward G. Krueger
Krueger Law Office
2015 Monroe Street
Madison, WI 53711-1963

    Re:    *United States v. David S. Helgren*
           Case No.

Dear Attorney Krueger:

    This is the proposed plea agreement between the defendant and the United States in this case.

    1.    The defendant agrees to waive indictment and plead guilty to Count 1 of the information filed by the United States Attorney's Office. This count charges a violation of Title 21, United States Code, Sections 841(a)(1) and 846, which carries maximum penalties of 20 years in prison, a $1,000,000 fine, at least a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

    2.    The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

3.      The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

4.      The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before March 31, 2012.

5.      In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

6.      The defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

7.      If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

8.      All plea agreements must be approved by the United States Attorney or

his designee.  This plea proposal has not yet been approved.  Consequently, I have not signed this proposed plea agreement and the final acceptance is conditioned upon supervisory approval.  If you have any questions or need any additional information, please feel free to contact me.

Very truly yours,

JOHN W. VAUDREUIL
United States Attorney

By:

_____

DAVID J. REINHARD
Assistant United States Attorney

3-7-12
_____
Date

_____
EDWARD G. KRUEGER
Attorney for the Defendant

March 6, 2012
_____
Date

_____
DAVID S. HELGREN
Defendant

3/6/2012
_____
Date